[No. 17528.  Department Two.  February 17, 1923.]

VIOLA POWERS SANDERS, *Respondent,* v. B. D. BROWN, *Appellant,* HARRY H. BROWN, *Defendant.*[1]

LIMITATION OF ACTIONS (77)—TOLLING STATUTE—INDORSEMENT ON NOTE—APPLICATION OF PAYMENTS—RATIFICATION—EVIDENCE—SUFFICIENCY.  A payment on a joint and several note, made by one of the makers, will toll the statute of limitations as to the other maker where it appears that he knowingly permitted it to be made, and afterwards ratified the application.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered December 21, 1921, upon findings in favor of the plaintiff, in consolidated actions on promissory notes, tried to the court.  Affirmed.

*J. W. A. Nichols,* for appellant.

TOLMAN, J.—Respondent brought two actions in the court below, one against appellant B. D. Brown, upon a promissory note for $200 and interest, signed by him alone; and one against B. D. Brown and Harry H. Brown, upon a promissory note for $1,000 and interest, made by them jointly.  The actions were consolidated, over the objection of appellant, and a trial was had, resulting in a judgment against appellant for the amount due on both notes, from which judgment he appeals.

As stated, the $1,000 note was a joint obligation, reading: "We promise to pay," and signed by both makers, with no suggestion contained therein of a several liability.  The defense to this note was the statute of limitations, which defense was sustained as to the

[1] Reported in 212 Pac. 1070.

defendant Harry H. Brown, but not sustained as to the appellant.

The controversy was waged over several credits indorsed upon the $1,000 note, which appellant contends should have been indorsed on the $200 note only, because of his directions to that effect; while respondent contends that there were no directions whatever as to the application of these payments, except in one instance when it was specifically agreed that the payment should be indorsed as it was, and that such indorsement was subsequently ratified.

It is without doubt the law, as said by this court in *Arthur & Co. v. Burke*, 83 Wash. 690, 145 Pac. 974.

"It is also the settled law of this state, following the trend of authority in others, that in order to toll the statute of limitations, the partial payment must have been a voluntary payment made or authorized or ratified by the party against whom the payment is invoked as tolling the statute."

Also, we may here assume, without so deciding, that, under the conditions here shown, the law would, in the absence of directions, require the application of the payment to the individual debt of the appellant, rather than to the joint debt upon which another was also liable. Still, a careful reading of the record convinces us that as to one of these indorsements, that of February 23, 1920, for $49.70, the evidence greatly preponderates in favor of the findings of the trial court, and we are convinced that appellant knowingly permitted this payment to be so applied, and afterwards ratified that application. This payment was sufficient to toll the statute.

Error is assigned upon the order consolidating the actions, but this point was not argued either in the

briefs or orally. Unassisted, we are not able to find that appellant was in any manner prejudiced by the consolidation of the actions.

Judgment affirmed.

MAIN, C. J., FULLERTON, PARKER, and PEMBERTON, JJ., concur.